IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| SAVITAR CHARUDATTAN and MICHALE HOFFMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>SADIE DARNELL, as Sheriff of Alachua County,<br><br>    Defendant. | Case No. |

## COMPLAINT

Plaintiffs sue Defendant and allege:

### Jurisdiction and Venue

1. This action for monetary damages, for declaratory and injunctive relief, and for other equitable and ancillary relief is brought pursuant to the First Amendment to the Constitution of the United States of America; pursuant to 42 U.S.C. § 1983 (hereinafter "§1983"); and pursuant to Chapter 119, Florida Statutes

2. This Court has jurisdiction of the federal claims under 28 U.S.C. §§ 1331 and 1343 (3) and (4) and jurisdiction of the state claims under 28 U.S.C. § 1367.

3. Plaintiffs Savitar Charudattan and Michale Hoffman (hereinafter "Charudattan" or "Hoffman" respectively, or "Plaintiffs") are male citizens of the United States. Charudattan is a resident of Alachua County, Florida.

1

Hoffman is a resident of Duval County, Florida.

4. Defendant Sadie Darnell (hereinafter "Darnell"), in her official capacity, is Sheriff of Alachua County and is responsible for overseeing and managing the activities of the Alachua County Sheriff's Department.

5. All actions at issue herein occurred in Alachua County, Florida.

## Conditions Precedent

6. All conditions precedent to institution of this action have been performed or have occurred.

## General Allegations

7. Charudattan is a local business owner interested in independent journalism and the preservation of civil liberties.

8. Hoffman is a private investigator who is interested in independent journalism and the preservation of civil liberties.

9. Plaintiffs have frequently addressed and continue to report on the infringement of civil rights by various governmental agencies in their capacities as citizens via online posts, videos, and specifically during the months leading up to the November 2016 election.

10. Alachua County Sheriff's deputies arrested Charudattan in 2011 in connection to his activism, despite his having committed no crime.

11. From October 29, 2015, to present day, Defendant has maintained two

different Facebook accounts.

12. The Defendant, in her official capacity, is responsible for overseeing and managing the activities of the Alachua County Sheriff's Department, including the Alachua County Sheriff's Facebook page, @AlachuaCountySheriff.

13. During the Defendant's run for Sheriff in 2016, the Defendant maintained a "Re-elect Sadie Darnell for Alachua County Sheriff" Facebook page, @ReElectSadieDarnellForSheriff.  This Facebook page served as a political advertisement paid for and approved by Sadie Darnell, Democrat, for Alachua County Sheriff.  The page detailed Darnell's interaction with the community, grand jury findings, certain community events, notable holidays or anniversaries, political fundraising events, and press in favor of Darnell's re-election.

14. Once the Defendant had been re-elected Sheriff, the Defendant changed the page to "Sheriff Sadie Darnell," @SheriffSadieDarnell.  The Defendant has not added any new posts to the "updated" Sheriff Sadie Darnell page, @SheriffSadieDarnell, since November 8, 2016.

15. On September 11, 2016, the Alachua County Sheriff's account, @AlachuaCountySheriff, posted a "September 11 Update" to its public Facebook page feed.

16. On September 12, 2016, at approximately 2:28 AM, Charudattan used his accountability Facebook page Stop Traffic Fraud, @FTC.Alachua.County, to post a critical comment on the @AlachuaCountySheriff "September 11 Update" Facebook post, regarding Lt. Richard Lalonde, a deputy involved in Charudattan's 2011 arrest by the Alachua County Sheriff's Department.

17. At approximately 6:00 AM on September 12, 2016, Defendant permanently deleted Stop Traffic Fraud's "Richard Lalonde comment" from the Alachua County Sheriff's "September 11 Update" Facebook post.

18. In response to his comment being deleted, Charudattan again posted, using the Stop Traffic Fraud account, a comment about the deletion to the Alachua County Sheriff's "September 11 Update" Facebook post, which was ultimately deleted from public view as well.

19. When Charudattan presented a public records request to the Alachua County Sheriff's Office for "Official Facebook Timeline Records from September 11, 2016… [which] may include, but are not necessarily limited to, any posts, words, links, comments, photographs, information, data, media and content that was created and received on September 11, 2016 and any subsequent or continued posts, words, links, comments, photographs, information, data, media and content created and received in connection with September 11, 2016 ACSO Official Facebook Timeline Records", Defendant failed to

produce records of the "Richard Lalonde comment."

20. On September 15, 2016, Darnell, @ReElectSadieDarnellForSheriff, posted "Robert Dentmond Grand Jury Update" on her public Facebook page.

21. On September 16, 2016, Charudattan used his Stop Traffic Fraud account to post a comment to Darnell's "Robert Dentmond Grand Jury Update" post, asking, "What are you doing to address Constitutional training standards for your Deputies?"

22. On September 16, 2016, the Alachua County Sheriff's Office posted "ODMP William Arthur May Update" to its public Facebook page.

23. At approximately 9:51 PM, On September 16, 2016, Charudattan used his Stop Traffic Fraud account to post a sarcastic critical comment to the Alachua County Sheriff's Office "ODMP William Arthur May Update," which was deleted permanently by Defendant soon after.

24. Sometime between September 16th and September 20th, Darnell deleted Stop Traffic Fraud's Constitutional training comment on Darnell's "Robert Dentmond Grand Jury Update" post.

25. During that time period, Darnell permanently banned Stop Traffic Fraud from Darnell's public Facebook page, @ReElectSadieDarnellForSheriff.

26. When Charudattan presented a second public records request to the Alachua County Sheriff's Office, for "Alachua County Sheriff's Official Facebook

Timeline Records from September 16, 2016 regarding Deputy Sheriff William Arthur May… [which may] include, but are not necessarily limited to, any posts, words, links, comments, photographs, information, data, media and content that was created and received on September 16, 2016 and any subsequent or continued posts, words, links, comments, photographs, information, data, media and content created and received in connection with September 16, 2016 ACSO Official Facebook Timeline Records regarding Deputy Sheriff William Arthur May", Defendant produced no records of the Stop Traffic Fraud sarcastic critical comment.

27. By September 20, 2016, Defendant had deleted or hidden from public view all of Stop Traffic Fraud's comments on the Alachua County Sheriff's Office Facebook page, and banned Charudattan's page Stop Traffic Fraud, @FTC.Alachua.County.

28. From November 17, 2017 to the present day, Defendant has continually denied the production of documents regarding Darnell's Facebook page in connection to the Stop Traffic Fraud account and Darnell's list of banned people and pages.

29. When Charudattan presented a third public records request to the Alachua County Sheriff's Office, for "Sheriff Sadie Darnell @SheriffSadieDarnell Official Facebook Page Records:  The immediate current list of Banned

People and Pages" and "From Sheriff Sadie Darnell @SheriffSadieDarnell Official Facebook Page Records: Any and all comments and posts made specifically by the Facebook page Stop Traffic Fraud! (Alachua County) @FTC.Alachua.County," Defendant produced no documents.

30. On September 20, 2016, Alachua County Sheriff's deputies wrongfully detained Hoffman for approximately 45 minutes. Hoffman videoed part of the incident.

31. At approximately 10:41 PM on September 20, 2016, Hoffman left a public 1-star review on the Alachua County Sheriff's Office public Facebook page, @AlachuaCountySheriff, as well as posted a link to the detainment video to several (approximately 10) already posted comments.

32. At approximately 2:14 AM on September 21, 2016, Hoffman posted a comment stating "Maybe you should investigate your Deputies criminal actions.  Here is video proof.  https://youtu.be/2WVUdV1qaYw" with a link to the video Hoffman had taken when he was wrongfully detained, to the Alachua County Sheriff's Office public Facebook page, @AlachuaCountySheriff.

33. On September 21, 2016, Hoffman left several other comments with only the link to the wrongful detainment video noted above, on the Alachua County Sheriff's Office Facebook page, @AlachuaCountySheriff.  After checking

back later that same day, Hoffman found that his comments and links had been deleted.

34. Hoffman contacted Darnell via phone on September 21, 2016 and, with Darnell's consent, recorded their conversation. During this call, Darnell confirmed that the Alachua County Sheriff's Office Facebook page is a public record. Darnell was also notified that the Alachua County Sheriff's Office was deleting Hoffman's prior comments as well as banning Hoffman from making any further comments.

35. By September 23, 2016, Defendant had deleted all of Hoffman's comments on the Alachua County Sheriff's Office Facebook page and Hoffman's one-star review of the Alachua County Sheriff's Office.

36. From September 22, 2016, to the present day, Hoffman remains banned from the Alachua County Sheriff's Office public Facebook page, @AlachuaCountySheriff.

37. When Charudattan presented a fourth public records request to the Alachua County Sheriff's Office, for "Alachua County Sheriff's Official Facebook Records on or about September 20, 2016 regarding an agency "star review" … [which] may include, but are not necessarily limited to, any star ratings, posts, words, links, comments, photographs, information, data, media and content that was created and received on or about September 20, 2016 and any

subsequent or continued posts, words, links, comments, photographs, information, data, media and content created and received in connection with September 20, 2016 regarding an agency "star review," Defendant produced no documents.

38. From January 5, 2018, to the present day, the Alachua County Sheriff's Office's "General Information" portion of their "About" page espouses a social media policy which is facially unconstitutional and vague, allowing it to be used to chill or banish criticisms from the page. The policy states that "postings made by the Alachua County Sheriff's Office to our Facebook and Twitter pages are done so with the intention of providing the public with information we believe is important or newsworthy, and …necessary to release in the interest of public safety" and that "the Alachua County Sheriff's Office reserves the right to limit posts from members of the public to those which directly relate to our postings, and which conform to our guidelines." This limiting of posts occurs as "it is not the intent of the Alachua County Sheriff's Office to provide a venue or forum for the expression and/or postings of unlimited comments, videos, or links simply for the convenience of the public."

39. The Alachua County Sheriff's Office guidelines, as posted on Facebook, detail a number of things that should be excluded from comments:

"1) Obscene, vulgar, sexually explicit or otherwise offensive language/content, or links to such material;

2) Threats of any kind, particularly toward any other user or the Alachua County Sheriff's Office and its members;

3) The advocating of criminal acts or other illegal behavior;

4) Material that has the potential to compromise public safety or the safety of law enforcement personnel;

5) Remarks that disparage or discriminate against anyone based upon their sex, race, creed, religious views, national origin, sexual orientation, disability, etc.;

6) Remarks that may be considered libel, made toward any person or organization;

7) Anything that is clearly off the intended topic of discussion;

8) Information that is clearly inaccurate, unverified, and purposefully designed to mislead others;

9) Campaigning of any type, political or otherwise;

10) Links to other third-party sites or advertisements;

11) Any form of solicitation; and

12) Any other language/material deemed inappropriate or offensive."

40. The Alachua County Sheriff's Office's General Information" section warns

that "any comments that violate these guidelines may be removed by the Alachua County Sheriff's Office at its sole discretion, and without prior warning or notice, but will be retained for the applicable retention period," though it should be noted that "The Alachua County Sheriff's Office also reserves the right to block access to our social media pages to any user who consistently violates these guidelines, without prior warning or notice."

41. The Alachua County Sheriff's Office's "General Information" portion of their "About" page posits that "all content on Alachua County Sheriff's Office social media pages, to include user comments, is considered property of the Alachua County Sheriff's Office, and is subject to disclosure under the Florida's Public Records Act."

42. The acts of Darnell, in her official capacity, have penalized Plaintiffs for the exercise of their rights of freedom of speech and freedom to petition government, as protected by the First Amendment to the U.S. Constitution.

43. The continued existence of Darnell's ban against Charudattan and the Alachua County Sheriff's Office's bans against Charudattan and Hoffman respectively are ongoing and continuing violations of their constitutional rights to freedom of speech as well as their constitutional right to petition the government for redress of grievances, and constitute irreparable injury.

44. The conduct of Darnell and the Alachua County Sheriff's Office, as described

above, is a content-based restraint of political speech that has a chilling effect on Plaintiffs' exercise of their First Amendment rights.

45. The continued refusal of the Alachua County Sheriff's Office to adequately produce documents as requested by the Plaintiffs is a violation of Chapter 119, Florida Statutes, as is the destruction of public records occurring when Defendant permanently deletes comments with no archiving system.

46. Defendant Darnell, in her official capacity, has perpetrated, authorized, approved, and ratified the violation of Plaintiffs' constitutional and statutory rights as stated herein.

47. Plaintiffs have had to retain counsel and owe a reasonable attorney fee to vindicate their rights in these matters.

**COUNT I:  42 U.S.C. § 1983: First And Fourteenth Amendment Violation**

48. Plaintiffs re-allege the General Allegations as if fully set forth herein.

49. The foregoing facts establish a basis for injunctive, equitable, and ancillary relief against Defendant Darnell in her official capacity,

50. Defendant Darnell, in her official capacity, is a "person" within the meaning of §1983.

51. The acts of Defendant Darnell as described herein were taken under color of state law, custom, or usage.

52. The acts of Defendant Darnell as described herein were purposeful and arise

from an official policy or custom.

53. The Fourteenth Amendment of the United States Constitution guarantees that no state shall deprive any person of liberty without due process of law. The First Amendment of the United States Constitution, applicable to the states under the Fourteenth Amendment, guarantees the right of freedom of speech and the right to petition government. These rights stand at the very apex of constitutional protection when exercised, as here, in political speech aimed at influencing the conduct of the government.

54. Defendant's conduct, in deleting or hiding the Plaintiffs' comments and banning them from her public Facebook pages, is a policy and practice which, on its face and as applied to Plaintiffs, has deprived Plaintiffs of their rights under the First and Fourteenth Amendments of the United States Constitution by interfering with their fundamental rights to freedom of speech and freedom to petition government.

55. In violating Plaintiffs' constitutional rights to freedom of speech and right to petition government, Defendant has caused and continues to cause irreparable damage to Plaintiffs.

### COUNT II: Failure to Produce Records under State Law

56. Plaintiff re-alleges the Common Allegations as if fully set forth herein.

57. Plaintiff is entitled to relief against Defendant Darnell, as Sheriff of Alachua

County, for failure to produce records under Chapter 119, Florida Statutes.

58. At all times material hereto, Defendant Darnell had a statutory duty to maintain public records and to provide public records to citizens as set forth in Chapter 119, Florida Statutes, including the provision of requested public records to Plaintiffs.

59. Defendant Darnell breached this duty to Plaintiffs by continually denying Plaintiffs the records in question.

60. Defendant Darnell, through her staff and various administrators, failed to adequately maintain public records by deleting numerous comments and a review, as well as not allowing public records to be inspected by any person desiring to under Chapter 119.07(1)(a) and (2)(a), and violating other provisions of Chapter 119, Florida Statutes.

61. Defendant failed to respond to formal public records requests and failed to perform her duty under § 119.07(1)(e), Florida Statutes, to cite any exemption to the statutory duty to produce documents

62. These violations entitle Plaintiffs to equitable relief, fees and costs.

### Prayer for Relief

WHEREFORE, plaintiff respectfully requests of the Court:

A. to take jurisdiction of this case;

B. judgement against Defendant Darnell in her official capacity and for Plaintiffs

compelling production of the documents described herein and permanently enjoining Defendant from future violations of law enumerated herein and compelling adoption of policies and procedures for the regulation and maintenance of public records

C. such damages as may be just and appropriate;

D. judgement against the Defendant and for the Plaintiffs awarding the Plaintiffs' attorney's fees and costs under 42 U.S.C. § 1988 and Chapter 119, Florida Statutes;

E. trial by jury on all counts so triable; and

F. such other relief as the Court considers just and proper.

Respectfully Submitted on this 19th day of June, 2018,

*/s/ Richard E. Johnson*
Richard E. Johnson, Bar No 858323
richard@nettally.com
Melissa Horwitz, Bar No 017333
melissah@nettally.com
Law Office of Richard E. Johnson
314 West Jefferson Street
Tallahassee, Florida 32301
Telephone: (850) 425-1997
Facsimile: (850) 561-0836

## CERTIFICATE OF COMPLIANCE

I CERTIFY pursuant to Local Rule 7.1(F) this memorandum contains 2780 words.

*/s/ Melissa Horwitz*